IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bryan Sanders, | ) | Civil Action No. 4:09-cv-2809-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

This Court previously denied Plaintiff's motion for attorneys' fees under the Equal Access to Justice Act. Plaintiff has now moved to reconsider that ruling, Defendant has opposed the motion, and Plaintiff has filed a reply. After another *de novo* review of this matter, the Court denies the motion to reconsider. An award of attorneys' fees is not warranted at this time.

The Equal Access to Justice Act provides attorneys' fees in actions where the government's position is not substantially justified. The substantial justification test is one of law and fact. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988). This Court declines to turn an order remanding a case for further proceedings into a situation where the Government's position becomes *de facto* unreasonable. *See Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988) (noting that conflating the substantial evidence standard with substantial justification under the EAJA "would result in an automatic award of attorney's fees in all [S]ocial [S]ecurity cases in which the government was unsuccessful on the merits."). In this matter, undersigned remanded the matter for further consideration of Listing 1.02. The Record contained evidence that supported both sides' positions. For example there was some evidence that Plaintiff's ankle impairment did not

1

satisfy the criteria of the relevant listing (Listing 1.02) so the ALJ, based on that, proceeded beyond the third step of the sequential evaluation process instead of finding Plaintiff disabled pursuant to a listing. However, this Court found Plaintiff presented sufficient evidence to warrant further analysis of Listing 1.02 by the ALJ. One of the requirements of Listing 1.02 is that the weight-bearing joint dysfunction must result in an inability to ambulate effectively. The Commissioner concluded that there was no evidence that Plaintiff was unable to ambulate without the use of a handheld device limiting the function of both upper extremities. For example, Rowland, Plaintiff demonstrated the ability to stand and walk for 20 minutes at a time for a combined total of five hours in an eight-hour workday without any cane, and the ability to travel without a companion for assistance (Tr. 264). While this Court found the Government's arguments unpersuasive and opined that based on the Record the Court could not conclude the ALJ's findings were supported by substantial evidence.

In addition, Plaintiff claims that a denial of fees in a case such as this one will somehow preclude a later award of fees and will prevent later claimants from finding counsel to represent them. Such an argument is wholly without merit. While premature at this time, an award of fees may later be proper under 42 U.S.C. § 406(b) after remand and at the conclusion of this matter if benefits are awarded. Attorney fees under § 406(b) of the Social Security Act are paid from the claimant's past-due benefits but because Plaintiff had not been awarded any past-due benefits at this time, any petition for fees under § 406(b) of the Social Security Act is premature.

While, Plaintiff may file a petition for fees under the EAJA now, this Court does not find the Government's position was unjustified as indicated in its two prior orders and

2

this one. Accordingly, Plaintiff's motion is denied without prejudice to any later rights that may accrue with respect to seeking fees.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 27, 2011
Charleston, South Carolina